865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shade UNDERWOOD, Petitioner-Appellant,
v.
Gary LIVESAY, Respondent-Appellee.
 No. 88-5600.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1988.
 
 Before KENNEDY, RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Shade Underwood, proceeding pro se, appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Underwood sought habeas corpus relief in the district court on the ground that his trial counsel rendered ineffective assistance and thereby deprived him of his sixth amendment guarantees. Underwood cited four examples of counsel's conduct in support of his allegation. The district court denied the petition.
 
 
 3
 On appeal, Underwood again argues that trial counsel was ineffective for failing to object to a jury instruction which violated the mandate of Sandstrom v. Montana, 442 U.S. 510 (1979). He also argues that the district court erred by failing to appoint counsel, and requests this court to appoint counsel on the appeal.
 
 
 4
 Upon review, we find no error. Therefore, we affirm the denial of Underwood's petition for the reasons set out in the magistrate's report of May 6, 1988, as adopted by the district court. The challenged instruction does not violate Sandstrom because it merely suggested a permissive inference to the jury; it did not create a burden-shifting presumption. See Francis v. Franklin, 471 U.S. 307, 314 (1985). Inasmuch as the jury instruction is not error, failure to object to the charge cannot be ineffective assistance of counsel.
 
 
 5
 Accordingly, it was not error to deny Underwood appointed counsel below; his request for counsel herein is denied, and the district court's judgment denying Underwood's petition is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.